UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EDWARD THOMAS,

    Petitioner,

vs.                                                          Case No. 8:07-CV-419-T-27MSS
                                                      Crim. Case No. 8:00-CR-101-T-27MSS

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

**BEFORE THE COURT** is Petitioner's Motion for Reconsideration Pursuant to Fed.R.Civ.Pro. 59(e) (CV Dkt. 11). The motion is DENIED.

Three circumstances justify reconsideration: (1) newly discovered evidence is available; (2) an intervening change in controlling law has occurred; or (3) when necessary to prevent or correct clear error of law or prevent manifest injustice. *Sussman v. Salem, Saxon & Nielsen, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994); *Wendy's Int'l, Inc. v. Nu-Cape Constr., Inc.*, 169 F.R.D. 680, 686 (M.D. Fla. 1996). Reconsideration is to be employed sparingly. *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003).

Petitioner does not assert newly discovered evidence. Neither does he cite to an intervening change in controlling law. Rather, Petitioner contends the Court did not address all issues he raised in his "filings," contrary to *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992). The problem with Petitioner's contention is that the "filings" he references were never filed with the Clerk and therefore could not have been considered by the Court.

Petitioner's original § 2255 motion raised a single ground for relief, supported by a 13 page memorandum (CV Dkts. 1, 2). Petitioner's only claim was that his attorney was ineffective in failing to investigate and object to Petitioner's 1967 state court conviction for breaking and entering, a predicate conviction for Petitioner's armed career criminal status under 18 U.S.C. § 924(e)(1). (CV Dkt. 1). The Government responded in opposition to that claim of ineffective assistance (CV Dkt. 6). Petitioner did not file a reply to the Government's response or seek leave to do so.

On March 30, 2009, Petitioner's § 2255 motion was denied on the merits. (CV Dkt. 8). Judgment was entered against Petitioner. (CV Dkt. 9). In his motion for reconsideration, citing *Clisby v. Jones,* supra, Petitioner contends this court failed to address "all of the filings in connection with the 2255 proceedings, e.g., (Petitioner's supplemental motion filed on or about January 2009)" (CV Dkt. 11). Contrary to Petitioner's contention, no such supplemental motion was filed with the clerk and there is no reference to any such motion in the Court's docket. Other than the claim of ineffective assistance of counsel in the original § 2255 motion, there were no other claims properly before the Court when that motion was denied. Accordingly, there was no *Clisby* error. Reconsideration on this basis is therefore denied.

In his supplemental memorandum, Petitioner includes additional argument as to why his prior Florida conviction for breaking and entering a building should not have been considered a violent felony under the ACCA and why his attorney was ineffective in not challenging that conviction on those grounds. Petitioner contends that his attorney should have required the Government to introduce facts supporting the violent nature of that conviction. Specifically, Petitioner contends that his attorney "was ineffective for not forcing the government to provide the sentencing court with terms of a plea agreement or a transcript of a colloquy between the Judge and the petitioner in which

the factual basis for the plea was confirmed by the petitioner, or some comparable judicial record of this information." (CV Dkt. 11, at 6).[1] Petitioner cites *Taylor v. United States,* 495 U.S. 575 (1990) and *Shepard v. United States,* 544 U.S. 13 (2005), contending that the Government presented insufficient evidence to establish that his prior state court conviction for breaking and entering "was or was not a violent offense, or a crime of violence." (CV Dkt. 11, at 6). He contends that the state court judgment of conviction was insufficient "to prove the facts of the 1967 prior, that the Petitioner plead to." *(Id.* at 7.)

First, Petitioner's supplemental memorandum essentially reargues the merits of his claim of ineffective assistance of counsel, which does not justify reconsideration. *See Michael Linet, Inc. v. Village of Wellington,* 408 F.3d 757, 763 (11th Cir. 2005). Further, Petitioner's supplemental memorandum and authorities on which he relies do not support reconsideration.

First, Petitioner contends that his attorney was ineffective in allowing this Court to consider "a police report and judgment of sentence, but no [sic] a plea colloquy, sentencing transcripts . . ." Contrary to Petitioner's argument, this Court did <u>not</u> consider a police report when determining whether his breaking and entering conviction was a violent felony. Rather, as the sentencing transcript clearly demonstrates, and consistent with *Taylor* and *Shepard,* this Court properly considered only a certified copy of Petitioner's 1967 breaking and entering conviction, including the charging document (Information), to which Petitioner plead. (CR Dkt. 79, at 8, 12); *Shepard v. United States,* 544 U.S. at 17 (district court, for purposes of determining whether a non-generic

---

[1] Section 924(e)(2)(B) defines a "violent felony" as any crime for which the punishment exceeds one year in prison and either (i) possesses the element of "use, attempted use, or threatened use of physical force against the person of another;" or (ii) is a "burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

burglary qualified as a "violent felony" under the ACCA, should normally look "only to the fact of conviction and the statutory definition of the prior offense.")(quoting *Taylor v. United States,* 495 U.S. at 602); *see United States v. Houston,* 456 F.3d 1328, 1340 (11th Cir. 2006)(district court properly considered defendant's prior convictions and properly categorized the convictions as "crimes of violence" under U.S.S.G. § 4B1.1, the career offender classification). Unlike *Shepard,* where the district court was asked to review police documents concerning the nature of the underlying offense, this Court only took into account the nature of Petitioner's prior conviction and applied provisions of the ACCA accordingly. *See United States v. Gutierrez-Mira,* 200 Fed.Appx. 943, 945 (11th Cir. 2006). Because this Court did not need to go beyond the charging document and judgment of conviction to determine that Petitioner fell under the ACCA, there was no *Shepard* violation. *See United States v. Porter,* 293 Fed.Appx. 700, 707 (11th Cir. 2008), *cert denied,* 129 S.Ct. 1020 (2009).

Petitioner's attorney, implicitly acknowledging that Petitioner's prior breaking and entering conviction constituted a violent felony under the ACCA, nonetheless raised the issue for the record during sentencing. (CR Dkt. 79, at 7-8; 13-14). He acknowledged that under the circumstances, consistent with precedent, he could not go behind the face of the judgment of conviction. (*Id.* at 7-8). Based on Petitioner's attorney's statements during the sentencing hearing, he was obviously familiar with the ACCA and whether a particular prior conviction would qualify as a violent felony under the ACCA. It would have been pointless to suggest otherwise to the district court. An attorney is not ineffective in failing to raise a meritless claim. *See Freeman v. Attorney General, State of Florida,* 536 F.3d 1225 (11th Cir. 2008) (citing *Chandler v. Moore,* 240 F.3d 907, 917 (11th Cir. 2001)); *United States v. Winfield,* 960 F.2d 970, 974 (11th Cir. 1992); *United States v. Nyhuis,* 211 F.3d

1340, 1344 (11th Cir. 2000). Considering precedent from the Supreme Court and this Circuit, Petitioner's attorney was not ineffective in failing to require factual support for the violent nature of the prior conviction.

In his 1967 Florida case, Petitioner was charged with breaking and entering a building, contrary to Florida Statute § 810.02(1)(a) and § 811.02(1).[2] In determining whether a particular prior offense constitutes a violent felony under the ACCA, a "formal categorical approach" is used, in which the statutory definition of the offense, rather than the facts underlying the conviction, are examined. *United States v. Harris*, 305 Fed. Appx. 552, 554 (11th Cir. 2008)(citing *Taylor v. United States, supra.*) Florida's burglary statute is considered non-generic. *United States v. Day*, 465 F.3d 1262, 1265 (11th Cir. 2006).

In determining that the charging document and judgment of conviction established a prior conviction for a crime of violence under the ACCA, this Court expressly followed *Taylor v. United States, supra.* (CR Dkt. 79, at 16). Because Petitioner's offense of breaking and entering a building "ha[d] the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime," it qualified as a generic burglary under the ACCA. *United States v. Branson*, 200 Fed.Appx. 939, 941-42 (11th Cir. 2006), *cert. denied*, 128 S.Ct. 41 (2007) (quoting *Taylor*, 110 S.Ct. at 2158.) Accordingly, this Court "appropriately looked to the information and judgment underlying the [1967] conviction to determine whether it constituted a generic burglary for purposes of the ACCA. *Id.*

---

[2] The Information to which Petitioner plead alleged that he "did unlawfully break and enter a certain building, to wit: Tampa Photo Supply Company, a Florida Corporation." (CR Dkt. 79, at 12; Gov's Exh. # 1).

Under these circumstances, it would have been error for this Court to look beyond the charging document and judgment of conviction.[3] *United States v. Bennett,* 472 F.3d 825, 832 (11th Cir. 2006)(For guilty plea under a non-generic burglary statute, the determination is generally limited to the terms of the charging document, jury instructions, a bench-trial judge's findings of fact, plea agreement, transcript of the plea colloquy, or other comparable judicial records.). Petitioner's attorney was not ineffective in pursuing an argument which would have been contrary to Supreme Court precedent. Petitioner's motion for reconsideration is therefore DENIED.

**New claims of ineffective assistance**

In his supplemental memorandum, Petitioner purports to add a new claim of ineffective assistance of counsel based on his attorney's failure to contest that the fingerprints taken from a shotgun shell box were not shown to be Petitioner's. To the extent Petitioner's memorandum is liberally construed to seek leave to add a new claim of ineffective assistance of counsel via his motion for reconsideration, that request is likewise DENIED, as this Court has ruled on the merits of his § 2255 motion, judgment has been entered against Petitioner (CV Dkt. 9), and the time for seeking leave to amend has expired. Fed. R.Civ.P. 15(c) has no application once judgment is entered. *United States ex rel. Atkins v. McInteer,* 470 F.3d 1350, 1361 n.22 (11th Cir. 2006). Petitioner offers no basis under Rule 60(b) for relief from the final judgment. *See Anderson v. United States,* 159 Fed. Appx. 936, 937-38 (11th Cir. 2005)(motion seeking leave to amend treated as filed pursuant to Fed.R.Civ.P. Rule 60 since filed after judgment entered).

---

[3] Unlike *United States v. Day,* this Court did not confine its consideration to the charging document. Petitioner plead to the charging document and accordingly, the judgment of conviction was properly considered, as it charged the same offense to which Petitioner entered his plea. *United States v. Day,* 465 F.3d at 1266.

Even if Petitioner's supplemental memorandum was mailed but not received by the Clerk or the Government, that pleading was at the very least, untimely. The Court entered an Order directing the Government to file a response to the original § 2255 motion and gave Petitioner twenty (20) days from that response to file a reply should he choose. (CV Dkt. 3). The Government filed its response on May 14, 2007. (CV Dkt. 6). The supplemental memorandum attached to Petitioner's motion for reconsideration is dated "January 2009." If sent to the Clerk for filing as Petitioner claims, that motion was more than eighteen (18) months late.

Moreover, the memorandum did not seek leave to amend Petitioner's § 2255 motion. Petitioner could not amend his § 2255 motion by merely including an additional claim in his unauthorized supplement memorandum. *See Riley v. United States,* 304 Fed. Appx. 811 (11th Cir. 2008) ("We conclude that these claims . . . were not properly raised in his section 2255 motion or in either amendment. Riley raised these issues only in his reply to the government's response to his section 2255 motion.").

Simply put, it is too late for Petitioner to add a substantive claim of ineffective assistance of counsel. Any such claim could and should have been included in the original § 2255 motion or Petitioner could have sought leave to amend the original motion by a filing a timely motion pursuant to Local Rule 3.01(a) and (f). Notwithstanding, the merits of that claim will be addressed. Since the motion and record conclusively show that Petitioner is not entitled to relief, no response from the Government is necessary. *See* 28 U.S.C. § 2255(b).

Specifically, Petitioner's new claim is that his attorney was "ineffective for not contesting and arguing that the fingerprints found on the shot gun shell box was not the movant's fingerprints." This claim of ineffective assistance fails to meet both prongs of *Strickland.* Counsel's trial strategies

have not been shown to have been deficient and Petitioner has not demonstrated prejudice from any alleged deficient performance, even if his attorney could have challenged the fingerprint examiner's fingerprint comparison more effectively.

In affirming Petitioner's conviction, the Eleventh Circuit summarized the Government's evidence supporting Petitioner's conviction of possession of ammunition by a convicted felon, possession of a firearm by a convicted felon and possession of an unregistered firearm by a convicted felon:

> The evidence the government presented to convict Thomas sufficiently proved that Thomas constructively possessed both the shotgun and the ammunition. Officer Goodrich testified that Thomas was found outside the Days Inn in Clearwater, Florida, standing about 75 to 100 feet away from where Officer Kanoski had recovered a bag that contained a receipt, two boxes of shotgun shells, and a shotgun. The receipt from "Big E's Guns" listed the total amount of the purchase as $12.79, and was signed "Ed Thomas." The two boxes of ammunition were each marked with a price of $5.99, which, with the addition of tax, add up to a little over $12.00. *Moreover, the fingerprint examiner testified that she had matched Thomas's right thumb print to a print taken by Officer Millen from one of the boxes of ammunition.* In a jacket found near the other items, Officer Kanoski recovered employee identification that listed the name "Ed Thomas" and Thomas's social security number. In light of this evidence, the government sufficiently established that Thomas had ownership, dominion, or control over the shotgun and ammunition, or the power and intention to exercise such dominion or control.(emphasis added)

*United States v. Thomas,* 172 Fed.Appx. 970, 975 (11th Cir. 2006)

Contrary to Petitioner's argument, there was no "trickery" or "deceit" or "fraudulent" misleading of the jury. It follows that Petitioner has not and cannot show that his attorney was ineffective in "allowing" the government to use trickery, deceit or fraud to mislead the jury. The fingerprint examiner testified to what she found by comparing Petitioner's known prints, which she rolled, with the thumb print found on the ammunition box. (CR Dkt. 90, at 215-16). Under the circumstances, counsel's cross examination of the fingerprint examiner cannot be labeled ineffective

or unreasonable. (CR Dkt. 90, at 216-30).

In his cross examination of the fingerprint examiner, counsel brought out that the fingerprint comparison report revealed that eleven prints were lifted which had no value and that numerous lifted prints had comparable value but were not identified as to any particular person (CR Dkt. 90, at 220; 223-24). Essentially, counsel's efforts placed before the jury an inference that individuals other than Petitioner handled the box and exhibits. He also brought out that the examiner had not actually examined the evidence from which the prints were lifted, a point the jury might well have considered problematic. (*Id.* at 226). Further, through a simple demonstration, counsel had the examiner pick up the ammunition box and demonstrate the unlikelihood that only a thumb print would remain on the box, if Petitioner had picked it up as the Government contended. The record demonstrates a creative, albeit unsuccessful cross examination, which pointed out weaknesses in the Government's fingerprint evidence and the possibility that someone other than Petitioner handled the ammunition box.

It could not be disputed that Petitioner's thumb print was on the ammunition box. In addition to this evidence, Petitioner's name was on the sales receipt for the purchase of the ammunition. Even if his attorney could have more effectively challenged the reliability of the fingerprint examiner's analysis, there was certainly sufficient circumstantial evidence supporting his conviction, independent of the thumb print on the ammunition box. Petitioner's contention that the fingerprint on the ammunition box was "the only evidence of any link between movant Thomas and the shot gun shell box" is simply incorrect.[4]

---

[4] Moreover, Petitioner's argument, to the extent it challenges the reliability of the fingerprint evidence, is somewhat disingenuous and ignores relevant pre-trial proceedings. Prior to trial, the Government moved to compel fingerprints from Defendant, as the original fingerprint examiner had relocated out of state. (CR Dkt. 36). Ultimately,

In order to demonstrate ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense *Strickland v. Washington*, 466 U.S. 668 (1984):

> According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)(citing *Strickland*, 466 U.S. at 687).

In assessing a lawyer's performance, "[c]ourts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.'" *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc), *cert. denied*, 531 U.S. 1204 (2001). "Our role in reviewing an ineffective assistance claim is not to 'grade' a lawyer's performance; instead, we determine only whether a lawyer's performance was within 'the wide range of professionally competent assistance.'" *Van Poyck v. Fla. Dept. of Corrections,* 290 F.3d 1318, 1322 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 690).

Counsel's trial strategy cannot be second guessed, as "judicial scrutiny of counsel's performance must be highly deferential." *Chandler,* 218 F.3d at 1314 (quoting *Strickland v. Washington,* 466 U.S. at 689). Tactical decisions within the range of reasonable professional

---

that motion was granted. (CR Dkt. 39). In response to the Government's intention to have the replacement examiner compare Petitioner's latent prints from his prior state court bookings, Petitioner's attorney moved in limine to prevent introduction of evidence of Petitioner's prior convictions, having stipulated to Petitioner being a convicted felon. Pre-trial, the Court considered argument on those concerns, and granted the defense motion in limine. (CR Dkt. 89, at 3-5; 7-8; Dkt 90, at 23-24). During trial, Petitioner's attorney did object on hearsay grounds when the Government sought to introduce Petitioner's known prints, taken when he was in custody on prior charges (Dkt. 90, at 207-08). Understandably, counsel withdrew his objection when the Court indicated that the Government would be allowed to call a witness to authenticate the known prints, which would have injected into the trial that Petitioner had been previously incarcerated, which counsel had successfully kept out of evidence. (*Id.* at 209).

competence are not subject to collateral attack, unless a decision was so "patently unreasonable that no competent attorney would have chosen it." *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983). As counsel's trial strategy is presumptively reasonable, the determination is not "that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not do a specific act." Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." *Chandler,* 218 F.3d at 1314-15.

Petitioner's attack on his attorney's trial performance is nothing more than hindsight criticism of his trial strategy. More significantly, Petitioner's argument puts his own spin on the testimony of the fingerprint examiner and ignores the record evidence. Petitioner's fanciful construction of the evidence and unfounded conclusions do not warrant further evidentiary inquiry. Considering the fingerprint examiner's testimony and the other circumstantial evidence connecting Petitioner to the purchase of the ammunition, Petitioner cannot demonstrate deficient performance by his trial attorney or prejudice from any alleged deficient performance. To show prejudice, Petitioner must demonstrate that "errors at trial actually and substantially disadvantaged his defense so that he was denied fundamental fairness." *Wright v. Hopper*, 169 F.3d 695, 706 (11th Cir. 1999) (internal citations omitted). Petitioner has not demonstrated prejudice from any claimed deficiencies in his attorney's trial performance.

Where, as here, Petitioner is unable to establish either prong of the *Strickland* analysis, his new claim of ineffective assistance of counsel must be dismissed. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

Attached to the Motion for Reconsideration is yet another pleading Petitioner claims was mailed to the Clerk, entitled "According to Civil Procedure Rule 15, Movant Files This

Supplemental Memorandum of Law to Movant's Section 2255 Motion/Petition to Vacate and or Set Aside the Conviction, in which he purports to claim another instance of ineffective assistance of counsel (CV Dkt. 11, at 12). This new claim of ineffective assistance is that his attorney was ineffective in failing to pursue relief pursuant to *Begay v. United States,* 128 S.Ct. 1581 (2008). For the same reasons discussed with respect to Petitioner's other new claim of ineffective assistance of counsel, Petitioner will not be permitted to raise this claim of ineffective assistance of counsel.

In any event, this new claim of ineffective assistance of counsel has no merit and is subject to summary denial as *Begay* has no application to Petitioner's classification as an armed career criminal under the ACCA.[5] Petitioner is an armed career criminal by virtue of three prior state court violent felony convictions. Included in those three prior convictions is the challenged breaking and entering conviction, properly considered a generic burglary offense pursuant to *Taylor v. United States, supra.* The offense of burglary is expressly enumerated in § 924(e) as a violent felony. *Begay,* on the other hand, deals with the *residual* or *otherwise* clause of § 924(e). *See United States v. Harrison,* 558 F.3d 1280, 1286 (11th Cir. 2009)(quoting *Begay* at 1597)("As long as an offense is of a type that, by its nature, presents a serious potential risk of injury to another, it satisfies the requirements of § 924(e)(2)(B)(ii)'s residual provision."). Likewise, *Vanhook v. United States,* 129 S.Ct. 993 (2009) is inapposite.

Even if *Begay* had some arguable application, Petitioner has not demonstrated deficient performance on the part of his attorney in failing to raise a *Begay* claim. Generally, an attorney does not render ineffective assistance in failing to anticipate changes in the law. *United States v. Ardley,*

---

[5] Since the motion and record conclusively show that Petitioner is not entitled to relief, no response from the Government is necessary. *See* 28 U.S.C. § 2255(b).

273 F.3d 991, 993 (11th Cir. 2001). Moreover, Petitioner cannot establish prejudice from the claimed deficient performance because, as discussed, his prior breaking and entering conviction, a generic burglary, is expressly enumerated in § 924(e) as a violent felony, and the residual clause of § 924(e) is inapplicable.

Petitioner's Motion for Reconsideration Pursuant to Fed.R.Civ.Pro. 59(e) (CV Dkt. 11) is DENIED.

**DONE AND ORDERED** in Tampa, Florida, this 2nd day of June, 2009.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Petitioner, *pro se*
U. S. Attorney's office